**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of himself and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————————X
                                   :

DYLAN BROWN, on behalf of himself and all  :
other similarly situated,                         :

                                   :

                    Plaintiff,          :  Civil Action No.

                                   :

vs.                                :  **CLASS ACTION COMPLAINT AND**
                                 :  **JURY TRIAL DEMAND**

ARMAND LAW GROUP, PLLC and AARGON  :
AGENCY, INC.,                        :

                                   :

                  DefendantS.        :

                                   :
—————————————————————X

Plaintiff DYLAN BROWN, on behalf of himself and all others similarly situated (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the above-named Defendants ARMAND LAW GROUP, PLLC ("ARMAND LAW GROUP") and AARGON AGENCY, INC.  ("AARGON") (collectively "Defendants"), their employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

    1.     Plaintiff brings this action for damages and declaratory and injunctive

relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident Monmouth of County and the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief, Defendant ARMAND LAW GROUP, PLLC is a law practice in the State of Nevada with its principle place of business located at 8668 Spring Mount Road, Suite 110, Las Vegas, NV  89117.

9.      Based upon information and belief, Defendant AARGON AGENCY INC. is a collection agency with a principle place of business located at 8668 Spring Mount Road, Las Vegas, NV  89117.

10.     Upon information and belief, Defendants are companies that use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendants are each a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).


## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent letters and/or notices from Defendants which contained at least one of the alleged violations of 15 U.S.C. § 1692 et seq. as set forth herein.

- The Class period begins one year prior to February 18, 2017.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for

maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendants violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§1692e, 1692e(2), 1692e(3); 1692e(5); and 1692e(10) 1692f and 1692g;

    b. Whether Defendants misrepresented the amount of the alleged debt;

    c. Whether the Defendants demanded an amount owed that was greater than the actual balance due;

    d. Whether Defendant Armand Law Group, who are not New Jersey attorneys, can send collection letters into New Jersey.

4

   e.   Whether Plaintiff and the Class have been injured by the
        Defendants' conduct;

   f.   Whether Plaintiff and the Class have sustained damages and
        are entitled to restitution as a result of Defendants'
        wrongdoing, and if so, what is the proper measure and
        appropriate statutory formula to be applied in determining such
        damages and restitution; and

   g.   Whether Plaintiff and the Class are entitled to declaratory
        and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same
  operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the
  other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and
  have retained experienced and competent attorneys to represent the
  Class;

- A Class Action is superior to other methods for the fair and efficient
  adjudication of the claims herein asserted. Plaintiff anticipates that no
  unusual difficulties are likely to be encountered in the management of
  this class action;

- A Class Action will permit large numbers of similarly situated persons
  to prosecute their common claims in a single forum simultaneously
  and without the duplication of effort and expense that numerous

individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

• Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15.    Prior to February 18 2016, Plaintiff allegedly incurred a financial obligation to DJO Global.

16.    The DJO Global obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.    The alleged DJO Global obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.    DJO Global is a "creditor" as defined by 15 U.S.C. § 1692a(4).

6

19.     At some time prior to February 18, 2016, the DJO Global obligation became past due.

20.     At some point prior to February 18, 2016, the DJO Global obligation was referred for collection to Defendants.

21.     On or about February 18, 2016, Plaintiff received a collection letter from Defendants dated February 18, 2016, a copy of which is attached as Exhibit A.

22.     The February 18, 2016 collection letter indicated a Total Balance due of $30.65, comprised of an amount owed of $30.00 and interest accrued of $0.65.

23.     The February 18, 2016 letter indicated in relevant part:

> AARGON will attempt to collect this debt through traditional debt collection practices.  If AARGON is unsuccessful in collection this debt on their own, they may review the account and make a determination as to whether or not to pursue legal action to recover this debt.  In the event that AARGON elect to pursue this debt through litigation, your account may be forwarded to our office for an independent review by one of or attorneys and if necessary forwarded to a law firm in your area from out network.

24.     The February 18, 2015 letter is signed by Danial Ryan.

25.     Based upon information and belief neither Armand Fried, Esq. or Daniel Ryan were licensed to practice law in New Jersey at the time the February 18, 2016 collection letter was sent.

26.     The February 10, 2015 letter included the following Nevada address on the letterhead:

Armand Law Group, PLLC
8668 Spring Mountain Road Suite:110
Las Vegas NV  89117

27.    The February 18, 2016 letter demanded $0.65 in interest that Defendants were not entitled to collect.

28.    Plaintiff did not owe the $0.65, or if he did, it was an unreasonable interest charge.

29.    The February 18, 2016 letter was sent to Plaintiff in connection with the collection of the DJO Global obligation.

30.    The February 18, 2016 letter was a "communication" as defined by 15 U.S.C. §1692a(2).

31.    Defendants' use the February 18, 2016 letter would confuse the least sophisticated consumer as to whether Defendant Armand Law Group was meaningfully involved in the matter as an attorney, and if so, to what degree of involvement.

32.    The overall impression of Defendants' February 18, 2016 collection letter, or ones substantially similar to the collection letter, implied or threatened potential legal action.

33.    Any language in the February 18, 2016 letter indicating that no attorney has personally reviewed Plaintiff's account is confusing, since the letter is sent on an attorney's letterhead.

34.    Defendants' collection letter, or the same or substantially similar to Defendants' February 18, 2016 letter, falsely implied that an attorney is meaningfully involved in collecting the consumer debts at issue.

35.    The FDCPA prohibits a debt collector from falsely representing or implying that any individual is an attorney or that any communication is from an attorney if, in fact, no attorney reviewed the debt. *See* Martsolf v. JBC Legal Group, P.C., 2008

U.S. Dist. LEXIS 6876, 2008 WL 275719 (M.D. Pa. Jan. 30, 2008); <u>Lesher v. Law</u> <u>Offices of Mitchell N. Kay, PC</u>, 650 F.3d 993 (3rd Cir. 2011); and 15 U.S.C. § 1692e(3).

36.     Defendants' February 18, 2016 letter sent to Plaintiff and others similarly situated does not comply with the FDCPA.  *See* <u>Smith v. Michael Harrison, Esquire</u>, 2008 U.S. Dist. LEXIS 51685 (D.N.J. July 7, 2008); <u>Lesher v. Law Offices of Mitchell</u> <u>N. Kay, PC</u>, 650 F.3d 993 (3rd Cir. 2011).

37.     Within the last year, Defendants sent collection letters to numerous New Jersey consumers that included a demand for an amount that was greater than the amount actually due at the time the collection letters were sent.

38.     Within the last year, Defendants sent collection letters to numerous New Jersey consumers that included a demand for an amount that included interest that Defendants were not entitled to collect.

39.     Within the last year, Defendants sent collection letters to numerous New Jersey consumers falsely implying or threatening legal action, although neither Defendants nor any attorneys in their office were licensed in the State of New Jersey.

40.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

41.     Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

42.     Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

43.     Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

44.     Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

45.     Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

46.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

47.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

48.     Plaintiff seeks to end these violations of the FDCPA.    Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

49.     Plaintiff repeats the allegations contained in paragraphs 1 through 48 as if the same were set forth at length.

50.      Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection

with their collection attempts against Plaintiff and others similarly situated.

51.      By sending collection letters the same as or substantially similar to the

February 18, 2016 letter, Defendants violated several provisions of the FDCPA,

including, but not limited:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or

means in connection with the collection of any debt;

B.   15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or

legal status of any debt;

C.  15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or

compensation which may lawfully be received by a debt collector for the

collection of a debt;

D.  15 U.S.C. § 1692e(3) of the FDCPA by falsely representing or implying that

any individual is an attorney or that any communication is from an attorney.

E.  15 U.S.C. § 1692e(5) of the FDCPA by threatening to take any action that

cannot legally be taken.

F.  15 U.S.C. §1692e(10) by using any false representation or deceptive means to

collect or attempt to collect any debt or to obtain information concerning a

consumer.

G.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or

attempt to collect any debt,

11

H.  15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law; and,

I.  15 U.S.C. §1692g and 15 U.S.C. §1692g(a)(1), by failing to accurately identify the amount of the debt allegedly owed.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
         February 20, 2017

                              Respectfully submitted,

By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.


Dated: February 20, 2017                    By: s/ Lawrence C. Hersh

                                            Lawrence C. Hersh, Esq

EXHIBIT A

**ARMAND LAW GROUP, PLLC**
8668 Spring Mountain Road Suite: 110
Las Vegas NV  89117
Phone: (888) 292-2285

Armand Fried, Esq
ADMITTED TO THE BARS OF:
United States Supreme Court
2nd Circuit Court of Appeals
Supreme Court, State of New York
Supreme Court, State of Nevada
U.S. District Court, Southern Dist. of NY
U.S. District Court, Eastern Dist. of NY
U.S. District Court, Nevada

Hours of Operation: Monday – Friday | 9:00 a.m. – 5:00 p.m.
Aargon Account #: ▮▮▮▮▮▮▮
Letter Dated: February 18, 2016

Creditor's Name: DJO GLOBAL
Creditors Account Number: ▮▮▮▮▮

| DELINQUENT ACCOUNT | |
|---|---|
| Amount Owed: | $ 30.00 |
| Interest Accrued: | $ 0.65 |
| Charges/Fees: | $ 0.00 |
| Your Payments: | - $ 0.00 |
| **Total Balance Due:** | **$ 30.65** |

Dear DYLAN BROWN,

Please be advised that ARMAND LAW GROUP PLLC, represents AARGON AGENCY INC, ("AARGON") in the area of creditor rights. AARGON has been assigned to collect the above referenced account, by the creditor listed above, and has requested that our office prepare this notice informing you of the following rights:

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within thirty (30) days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

AARGON will attempt to collect this debt through traditional debt collection practices.  If AARGON is unsuccessful in collecting this debt on their own, they may review the account and make a determination as to whether or not to pursue legal action to recover this debt.  In the event the AARGON elects to pursue this debt through litigation, your account may be forwarded to our office for an independent review by one of our attorneys and if necessary forwarded to a law firm in your area from our network.

At this time no attorney has personally reviewed the particular circumstances of your account.  In order to resolve this matter, you should contact AARGON directly, at (800) 280-1183 Ext. 333 and reference your AAI Account Number: ▮▮▮▮▮▮▮

If your original agreement with the above creditor contained default remedies, such as the addition of collection costs, interest, and/or attorney fees, those amounts may be included in the amount due.

This communication is from a debt collector.  This is an attempt to collect a debt, any information obtained will be used for that purpose.

Daniel Ryan,
Armand Law Group, PLLC

See Reverse Side for Important Consumer Information
DETACH BOTTOM PORTION AND RETURN WITH PAYMENT

346CDARAC01_DL4 - 63297108

---

Aargon Agency Inc.
8668 Spring Mountain Road
Las Vegas, NV 89117-4113
RETURN SERVICE REQUESTED

Account #: ▮▮▮▮▮▮
Total Balance Due: $ 30.65
See reverse side for payment information.


DYLAN BROWN
▮▮▮▮▮▮▮

AAI
8668 SPRING MOUNTAIN RD
LAS VEGAS, NV 89117-4113

☐ Please check box if address is incorrect or information has changed, and indicate change(s) on reverse side.